# CASES

IN THE

# SUPREME JUDICIAL COURT,

OF THE

# STATE OF MAINE.

---

JOHN K. AMES and others *vs.* CHARLES W. VOSE and another.

71  17
92  197

Washington. Opinion July 30, 1879.

*Agreement. New trial.*

When parties agree upon a surveyor, to scale logs, they will, in the absence of fraud or mathematical mistake, be bound by his scale.

ON EXCEPTIONS AND MOTION to set aside the verdict.

ASSUMPSIT for hauling and driving 899,252 feet spruce and pine logs, winter of 1875, at $4.50, $4046.63.

Plea, general issue, and an account in set off amounting to $3026.69.

At the trial the plaintiff testified that at the time of making the contract with the defendants for this lumbering operation, it was agreed that Elisha C. Chase should be the scaler, and he was to decide what logs were to be hauled, and the plaintiffs were to land the logs so that he could count them and scale them.

The following scale bill was in the case :

" East Machias, April 29, 1875. Schedule of logs hauled by

Smith & Gardner, from township No. 24, into Machias river, winter 1874–5 :

| | | |
|---|---|---|
| 4383 spruce logs, - - - 479,570 feet, | ⎫ | m'k'd |
| 1256 pine " - - - 159,234 " | ⎬ | |
| 1652 rotten pine logs, - - 260,448 " | ⎭ | T I V |
| 7291            899,252 | | |

E. C. CHASE."

The verdict was for plaintiff for $1140.97.

*George Walker*, for the plaintiffs.

*J. A. Milliken*, for the defendants, contended that the verdict should be set aside. While the general principle stated by the presiding judge, that parties agreeing upon a scaler are concluded by his action, in the absence of fraud or mistake, is unquestionably correct, there are peculiarities in this.contract that materially modify the application of that principle to this case.

WALTON, J. Assumpsit to recover compensation for hauling and driving logs. The jury returned a verdict for the plaintiffs for $1140.97. The defendants claim a new trial, first, for misdirection of the presiding judge, secondly, upon the ground that the verdict is against evidence, and, thirdly, for newly discovered evidence. The misdirection complained of was a statement of the familiar and well settled rule of law that, when the parties have agreed upon a surveyor to scale logs, they will, in the absence of fraud or mathematical mistake, be bound by his scale. The ruling was correct. The court is of opinion that the verdict is not against evidence; certainly not so clearly against evidence as to justify setting it aside. The newly discovered evidence is the statement of a teamster that he counted the logs daily, and that the whole number was 7206. The scaler made them 7291 — eighty-five logs more than the teamster. No reason is perceived why this evidence, by the use of due diligence, might not have been discovered before the trial as well as after.

*Exceptions and motions overruled.*
*Judgment on the verdict.*

APPLETON, C. J., BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.